LPARRO, J.
The defendant, James L. Echeverría, was charged by amended bill of information with one count of cruelty to the in-firmed, a violation of LSA-R.S. 14:93.3, and pled not guilty. His jury trial resulted in a mistrial. Thereafter, he waived his right to a jury trial and, following a bench trial, was found guilty as charged. Subsequently, the state filed a habitual offender bill of information against the defendant, alleging he was a fourth felony habitual offender. The defendant moved for a new trial, but. the motion was denied. He was sentenced to five years of imprisonment at hard labor. In connection with the habitual offender allegation, the defendant stipulated to his status as a third felony habitual offender, and the court sentenced him to seven years of imprisonment at hard labor. Thereafter, the court vacated the previously imposed sentence of five years of imprisonment at hard labor. He again moved for a new trial, and the motion was again denied. He moved for reconsideration of the sentence, but this motion was also denied. He now appeals, designating two assignments of error. We affirm the *634 conviction, the habitual offender adjudication, and the sentence.

FACTUAL BACKGROUND

The victim, Ester Lee Jenkins, testified at trial. She was eighty-five years old at the time of trial and the defendant’s grandmother. In reference to the incident at issue, Ms. Jenkins claimed the defendant had given her “a little shove, but it was not intentionally.” She indicated, however, the defendant had shoved her using both hands. Ms. Jenkins also claimed the defendant had not called her any “names” on the morning of the incident. She claimed she went to the Justice of the Peace to report the incident because she was aggravated. She conceded, however, she was aggravated because the defendant had shoved her and she had fallen. She claimed, after she fell, the defendant apologized to her and picked her up. She had a “staggering” problem, and the defendant was aware of the problem. She also claimed she bruised very easily. She conceded she did not want the defendant prosecuted. When asked if the fact that the defendant might go away for a long time had influenced her testimony in court, the victim replied, “Yeah. Because I don’t (sic) him too.”
laThe state introduced the victim’s June 25, 2001 affidavit, executed before St. Tammany Parish Fifth Ward Justice of the Peace James Kahl, into evidence at trial. The affidavit set forth the following.
On June 22, 2001, at 12:40 a.m., the defendant came to Ms. Jenkins’s home drunk and “later came back still drunk and raising sand.” He called Ms. Jenkins “all sorts of names” and “got in [Ms. Jenkins’s] face” and pushed her down. The defendant told Ms. Jenkins, “next time [Ms. Jenkins] would learn to keep [her] mouth shut.” Ms. Jenkins suffered soreness and bruises from the incident. When Ms. Jenkins told the defendant she would call the police, he stated, “[y]ou can’t prove anything.” Ms. Jenkins was eighty-four and one-half years old and was afraid of “Len-nie,” the defendant.
In connection with the affidavit, the state also introduced into evidence photographs of the victim showing large bruises on the right side of her back and on her right hip. When asked about her affidavit at trial, the victim indicated it was a truthful statement.
Mr. Kahl also testified at trial. He identified the defendant in court as someone he knew as “Lenny.” The victim had come to Mr. Kahl on June 25, 2001, stating “Lenny” had “shoved her down against the chairs and all.” The victim was “all bruised up” and showed Mr. Kahl her bruises. The victim stated she had “been hurting ever since it happened.” Mr. Kahl indicated the photographs of the victim’s injuries were taken in his office on the day the victim reported the offense to him. At no time while she was in Mr. Kahl’s office did the victim indicate she had been injured accidentally by the defendant or she had fallen down because the defendant “brushed” past her. In fact, the victim indicated the defendant cursed her, told her to get out of his way, and shoved her against a dinette table or chair with both of his hands after she asked him something and he “got mad with her.” After being shoved down, the victim told the defendant she was hurt, and asked for help, but the defendant refused to help her.

14SUFFICIENCY OF THE EVIDENCE

In assignment of error number one, the defendant contends the evidence was insufficient to support the conviction. He argues the pain he inflicted upon the victim was insufficient to support his conviction of the offense.
*635 The standard of review for sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude the state proved the essential elements of the crime and the defendant’s identity as the perpetrator of that crime beyond a reasonable doubt. State v. Wright, 98-0601 (La.App. 1st Cir.2/19/99), 730 So.2d 485, 486, writs denied, 99-0802 (La.10/29/99), 748 So.2d 1157, and State ex rel. Wright v. State, 00-0895 (La.11/17/00), 773 So.2d 732. In conducting this review, we also must be expressly mindful of Louisiana’s circumstantial evidence test, which states in part, “assuming every fact to be proved that the evidence tends to prove, in order to convict,” every reasonable hypothesis of innocence must be excluded. LSA-R.S. 15:438. When a conviction is based on both direct and circumstantial evidence, the reviewing court must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and the facts reasonably inferred from the circumstantial evidence must be sufficient for a rational juror to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. Wright, 730 So.2d at 487.
Louisiana Revised Statute 14:93.3, in pertinent part, provides:
A. Cruelty to the inflrmed is the intentional or criminally negligent mistreatment ... by any person ... whereby unjustifiable pain ... is caused to ... an aged person....
[[Image here]]
C. For the purposes of this Section, an aged person is any individual sixty years of age or older.
The term “intentional” as used in LSA-R.S. 14:93.3 refers to a general criminal intent to mistreat or neglect and does not require an intent to cause unjustifiable pain and suffering. See LSA-R.S. 14:11; State v. Scott, 582 So.2d 864, 867 (La.App. 5th Cir.), writ denied, 584 So.2d 1171 (La.1991). General criminal intent is present | ¡^whenever there is specific intent, and also when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act. LSA-R.S. 14:10(2).
“Unjustifiable,” within the meaning of LSA-R.S. 14:93.3, is a term of limitation intended to distinguish that pain and suffering which is an inevitable consequence of care and treatment from that which is not justified by medical needs. State v. Brenner, 486 So.2d 101, 104 (La.1986).
A thorough review of the record convinces us the evidence presented in this case, viewed in the light most favorable to the state, proved beyond a reasonable doubt and to the exclusion of every reasonable hypothesis of innocence, the defendant’s violation of LSA-R.S. 14:93.3(A). The evidence viewed under the aforementioned standard of review sufficiently proved the defendant intentionally mistreated the victim, an aged person, by shoving her, thereby causing unjustifiable pain to the victim. The defendant’s shoving of the victim with both hands sufficiently established his general criminal intent to mistreat the victim, and the pain caused to the victim was not an inevitable consequence of care and treatment, and thus, was unjustifiable.
This assignment of error is without merit.

*636
CONSTITUTIONALLY EXCESSIVE SENTENCE

In assignment of error number two, the defendant contends the sentence imposed was excessive. He argues the sentence imposed was constitutionally excessive.
Article I, Section 20, of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant’s constitutional right against excessive punishment and is subject to appellate review. Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one’s sense of justice. A trial judge is | «given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Hurst, 99-2868 (La.App. 1st Cir.10/3/00), 797 So.2d 75, 83, writ denied, 00-3053 (La.10/5/01), 798 So.2d 962.
Whoever commits the crime of cruelty to aged persons shall be fined not more than ten thousand dollars or imprisoned with or without hard labor for not more than ten years, or both. LSA-R.S. 14:93.3(E). Any person who, after having been convicted within this state of a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows. If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then: the person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction. LSA-R.S. 15:529.1(A)(l)(b)(i). The defendant was sentenced to seven years of imprisonment at hard labor.
The sentence imposed was not unconstitutionally excessive. The sentence was not grossly disproportionate to the severity of the offense. The defendant, a third felony habitual offender, shoved his eighty-four- and-one-half-year-old grandmother into kitchen furniture with both hands, thereby causing her unjustifiable pain and bruises.
This assignment of error is without merit.
CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE AFFIRMED.